**PARIS MILLING COMPANY, Inc.,**
**Appellant,**

**v.**

**Jack F. WOOLDRIDGE, Appellee.**

**No. 8180.**

Court of Civil Appeals of Texas,
Amarillo.

Oct. 26, 1971.

Rehearing Denied Nov. 22, 1971.

Fisher, McLaughlin & Harrison (J. D. McLaughlin), Paris, for appellant.

Ney Sheridan, Jr., Vernon, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment of the trial court overruling appellant's plea of privilege. Jack F. Wooldridge, plaintiff-appellee, brought suit in Wilbarger County, Texas, against Paris Milling Company, Inc., defendant-appellant, alleged to be a Texas corporation doing business as Martin-Lane Feed Mill, in Vernon, Wilbarger County, Texas. Appellant filed a plea of privilege to be sued in Lamar County, Texas, alleging that such county was the county of its residence. Plaintiff-appellee Wooldridge controverted the plea and sought to maintain venue in Wilbarger County under Subdivisions 5 and 23 of Article 1995, Vernon's Annotated Texas Statutes. After a hearing, the trial court entered its judgment overruling the plea of privilege from which judgment Paris Milling Company, Inc., as appellant, has brought this appeal.

Reversed and rendered.

Appellee Jack F. Wooldridge, by six separate written lease contracts, leased six vehicles to the appellant, Martin-Lane Feed Mill, a division of Paris Milling Company, Inc., Paris, Texas, for a term of two years, such term to begin on February 6, 1970, the date of execution of said leases, and to end on February 6, 1972. Each separate vehicle was on a separate lease and was to be used by the lessee, according to the terms of the lease, for hauling feed, seed, wheat, and small grain. Except for the description of the vehicles covered, all of the leases were identical, and we will therefore refer to the leases in the singular. The lease provided for a rental of "seventeen (17¢) cents per running mile for all property hauled by lessee on said trailer or truck during the term of this lease * * * payable at the end of the month after the hauling is done." The lease provided that the lessee should have complete control over the vehicle and furnish his own driver for the

term of the lease, but that the lessor was to be responsible for "upkeep" of the vehicles during said term. The description of the leased property consisted of a statement that the property was "lying and being situated in" the City of Vernon, County of Wilbarger, State of Texas, and set out the brand, type, model and identification number of each respective vehicle and the equipment involved.

By certified letter dated August 7, 1970, Neal S. Brooks, general manager of Martin-Lane Feed Mill, notified appellee that Martin-Lane would "not need the equipment now hauling feed for us," specifically referring to the six vehicles described in the above-mentioned leases. Appellee treated this action as a breach of the leases, and on September 10, 1970, he brought suit in the 46th District Court of Wilbarger County for damages in the sum of $17,000.

In this appeal, appellant contends that the trial court erred in overruling its plea of privilege and sustaining venue in Wilbarger County on the grounds that appellee did not sustain his burden of proving that either Subdivision 5 or 23 of Article 1995 was applicable.

■■■■ The plea of privilege was heard by the court without a jury, and the record contains no findings of fact or conclusions of law. In this situation, we are required to consider the evidence and inferences properly drawn therefrom in the light most favorable to the judgment rendered. Lambert Corporation v. Martin, 369 S.W.2d 703 (Tex.Civ.App.—San Antonio 1963, writ dism'd w. o. j.); Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914). It is well established, however, that exceptions to Article 1995 must be strictly construed and clearly established before a defendant can be deprived of the right to be sued in the county of his domicile, National Life Company v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1025 (1943); and, in a venue case the burden is upon the plaintiff to bring himself within one of the exceptions to overcome the statutory right of a defendant to

be sued in the county of his domicile. Brown v. Clary, 315 S.W.2d 385 (Tex.Civ. App.—Austin 1958, no writ); Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233 (1941).

Appellant contends that venue may not be maintained in Wilbarger County under Subdivision 5, Article 1995, because the lease contracts in question do not "expressly name" Wilbarger County as the place of performance of defendant's obligations.

■■■■ We have carefully examined the lease contracts in eivdence. The contracts are silent as to the place of payment of the rent, and we find nothing in the contract documents requiring appellant to perform its obligations thereunder in Wilbarger County. A mere recital to the effect that the items of equipment to be leased are located in a particular county is not sufficient to maintain venue in that county under Subdivision 5. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952). In fact, the lease contracts deny the lessor (appellee) any right to direct or control any of the activities of the appellant as to the operation of the vehicles by providing that "the lessee is to have full and complete control of vehicle during the term of this lease," and such a provision could not be properly construed to require any performance by appellant in Wilbarger County. Groce v. Gulf Oil Corporation, 439 S.W.2d 718, 720 (Tex.Civ.App.—Dallas 1969, no writ). We hold, therefore, that appellee cannot maintain venue in this case under Subdivision 5.

■■■■ Appellant further contends that appellee is not entitled to sustain venue in Wilbarger County under Subdivision 23 of Article 1995, V.A.T.S. We agree. In order for the appellee to retain venue in Wilbarger County as against appellant's plea of privilege, he must meet three basic requirements before Section 23 would be applicable under his pleadings in this case. First, Subdivision 23 requires that a plaintiff seeking to invoke its provisions must allege and prove the existence of a cause of action by a preponderance of the evi-

dence. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605, 606 (1950); Groce v. Gulf Oil Corporation, supra. Second, plaintiff must allege and prove that the defendant is a private corporation, Texas Bank & Trust Company of Dallas v. Custom Leasing, Inc., 402 S.W.2d 926, 929 (Tex.Civ.App.—Amarillo 1966, no writ), unless by reason of defendant's admission of its corporate status or failure to deny same under oath, the plaintiff is relieved of the necessity of such proof. Texas Employers Insurance Association v. Wagner, 288 S.W.2d 882 (Tex. Civ.App.—Fort Worth 1956, no writ); Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956). Finally, in order for the plaintiff in this case to prevail under Subdivision 23, he must also allege and prove that the cause of action or part thereof (if proven) arose in Wilbarger County; or that the suit was brought in the county of plaintiff's residence at the time the cause of action arose and that the defendant has an agent or representative in that county as required by the provisions of the statute. See 1 McDonald, Texas Civil Practice, § 4.30.3(a), at 523–524 (1965 rev. ed.).

■ After considering the pleadings and evidence submitted, we have concluded that appellee has failed to prove the first basic fact necessary to maintain venue in Wilbarger County under Subdivision 23, that is, the existence of a breach of contract constituting a cause of action against the appellant. In this suit, appellee's asserted cause of action is for *breach* of contract, which is regarded as "the nonperformance of any contractual duty of immediate performance." 13 Tex.Jur.2d, Contracts, § 306 at 555. It is our duty to read the entire instrument, taken by its four corners, to ascertain its meaning and effect, and we must examine the lease contract as an entirety instead of relying upon the single paragraph within its terms which deals with duty of the lessee to pay rent. Wisznia v. Wilcox, 438 S.W.2d 874, 876 (Tex.Civ.App. —Corpus Christi 1969, writ ref'd n. r. e.);

13 Tex.Jur.2d, Contracts, § 113 at 269. After a careful reading of the entire lease contract before us, we have concluded that the lease imposes no "duty" upon the lessee to take any affirmative action and consequently we find no "breach" of any duty. The lease contract does not provide any minimum as to rental payments for the vehicles, nor does it impose upon the lessee a duty to use the vehicles to any particular extent. It merely provides that, for every "running mile" for which the vehicles are used in hauling by the lessee, the lessee shall be obligated to pay the lessor seventeen cents and that the lessee is to have "full and complete control of vehicle during the term of this lease." This court will not re-write the contract in order to impose a warranty or a guarantee of *use* for any particular length of time or certain number of miles which the parties themselves, however improvidently, failed to provide. Hyatt v. Radio Station WLOU, 354 S.W.2d 415, 417 (Tex.Civ.App.—El Paso 1962, no writ); Milliken v. Callahan County, 69 Tex. 205, 6 S.W. 681, 685 (1887); Alamo Lumber Company v. Fahrenthold, 58 S.W.2d 1085, 1087, 1088 (Tex.Civ.App.—Beaumont 1933, writ ref'd). When the appellant-lessee notified the appellee-lessor that he was not going to use the vehicles any more after September 1, 1970, the appellant-lessee voluntarily waived his rights under the lease contract to retain control over and use of the vehicles, thereby surrendering the lease to the appellee-lessor. The appellee's right to rentals under the lease was unambiguously and expressly conditioned upon the use of the vehicles by appellant, and where a promise is subject to a condition precedent there can be no breach of the contract until such condition occurs. George v. Houston Boxing Club, Inc., 423 S.W.2d 128, 132 (Tex.Civ.App.—Houston 14th Dist. 1967, writ ref'd n. r. e.); Reinert v. Lawson, 113 S.W.2d 293 (Tex.Civ.App.—Waco 1938, no writ).

■ Since we have concluded that appellee failed to establish the existence of a cause of action, which is a fundamental

**228**

matter in maintaining venue in Wilbarger County under Subdivision 23, we do not deem it necessary to determine the other questions raised with respect to retaining venue in such county.

It appears from the record that the venue facts as to the applicability of Subdivisions 5 and 23 were fully developed at the hearing—the controlling factor in each instance being the language and contents of the lease contract—and that the judgment regarding venue should be reversed and rendered. Rule 434, Texas Rules of Civil Procedure; Pharr v. Medaris Company, 345 S.W.2d 428, 432 (Tex.Civ.App.—Dallas 1961, no writ); Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458, 459 (1948).

Accordingly, the judgment of the trial court overruling appellant's plea of privilege is reversed and the cause is ordered transferred to the District Court of Lamar County, Texas.