**John REED, Jr., Appellant,**

**v.**

**W. S. EAKINS and Brooks Wilson, Independent Executor of the Estate of Alfred Glenn, Deceased, Appellees.**

**No. 8450.**

Court of Civil Appeals of Texas, Amarillo.

April 29, 1974.

Logan, Steib, Lewis & Symes, Curt F. Steib, San Angelo, for appellant.

Sanders, Scott, Saunders, Brian & Finney, Joseph M. Pritchard, Amarillo, for appellees.

ELLIS, Chief Justice.

Defendant-lessee appeals from an order of the district court of Potter County, Texas, overruling his plea of privilege to be sued in Tom Green County, Texas, the county of his residence, on a written lease contract. Reversed and rendered.

John Reed, Jr., lessee, entered into a written lease contract for the lease of unimproved property located in Potter County, with W. S. Eakins and Alfred Glenn, now deceased, as lessor. Lessor brought suit in Potter County alleging that lessee had abandoned the property and sought recovery of $3,150 for past and future unpaid rentals; $97.88 expended for taxes levied upon the improvements; and expenses of $150 incurred and $1,000 to be incurred for maintenance, repairs and clean-up. Lessee filed a plea of privilege to be sued in Tom Green County, Texas, the county of his residence, and lessor filed a timely controverting affidavit seeking to sustain venue in Potter County under subsection 5, Article 1995, Vernon's Ann. Civ.St. A copy of the written lease was incorporated into lessor's original petition and the original petition was incorporated in the controverting affidavit. The lease does not specify any place or any county where the designated rent is payable.

Lessor, by his controverting affidavit, relies upon two provisions in the written lease to sustain venue in Potter County under subsection 5. Those lease provisions are:

(1) " . . . lessee shall pay as they become due all taxes that are levied by the various taxing authorities upon all improvements that he shall place upon said lots, and upon all personal property on said premises."

(2) "Lessee further covenants that he will promptly execute and fulfill all the ordinances of the City of Amarillo applicable to said premises and all orders imposed by the Board of Health and/or the Police Department for the correction, prevention and abatement of nuisances in or upon or connected with said prem-

ises during the said term, at Lessee's expense."

In addition, the property is described in the lease as being located in Potter County. Therefore, lessor contends that the subsection 5 exception is satisfied. The trial court overruled the lessee's plea of privilege, and this appeal has been perfected from that ruling.

■ It is well established that exceptions to Article 1995 must be strictly construed and clearly established before a defendant can be deprived of the right to be sued in the county of his domicile. National Life Company v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1025 (1943). The burden is upon the plaintiff to bring himself within one of the exceptions to overcome that right. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233 (1941). There is only one venue fact necessary under subsection 5 to sustain venue in the county where suit is brought. This single fact is that defendant has contracted in writing to perform the alleged obligation in the expressly named county or some definite place therein. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (Tex.Comm'n.App.1942, opinion adopted); Southwestern Investment Co. v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959).

Under the provisions of the written lease it is apparent that the lessee is obligated to pay (1) the stipulated amount of rental, (2) the taxes levied by various governmental entities upon the property placed on the premises by the lessee, and (3) expenses relating to compliance with city ordinances and health regulations. By points one and two, appellant contends that the trial court erred in overruling his plea of privilege because the obligations regarding the payment of taxes and expenses of compliance with city ordinances as sued upon by the plaintiff were not expressly contracted to be performed in Potter County.

After carefully examining the written lease agreement and the testimony, we are of the opinion that the provisions for payment of taxes by lessee are not sufficient to maintain venue in Potter County. By the written lease lessee is not obligated to pay the taxes to the lessor; the obligation, within the lease, runs from lessee to the respective taxing authorities. Lessor, upon default in payment of the taxes by lessee, chose to pay such taxes and seek reimbursement from lessee; hence, the obligation which is sued upon then arose. There is no provision within the written lease requiring reimbursement in Potter County, Texas.

Lessor also seeks to maintain venue under subsection 5 by the provision in the lease whereby lessee is allegedly obligated to comply with the city ordinances and city health codes. It is contended that the description of the property as being located in Potter County necessarily means that such compliance can only be performed within such county.

■ By the written lease, incorporated into the controverting affidavit, lessee is obligated for the expense of compliance with the City of Amarillo ordinances. The original petition of lessor seeks recovery of expenses incurred in cleaning up the property and making repairs; therefore, the primary obligation sued upon in this respect is that of refund of those expenses paid by lessor. Since the written agreement contains no provision for place of payment of those expenses, venue based on such reimbursement cannot be maintained in the county in which suit was brought. Texas Bank & Trust Co. of Dallas v. Custom Leasing, Inc., 402 S.W.2d 926 (Tex. Civ.App.—Amarillo 1966, no writ); Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952). The obligations of lessee to pay the taxes and expenses of compliance with the city ordinances and health regula-

tions run from lessee to the respective governmental authorities. The obligations running from lessee to lessor are for reimbursement for taxes and other expenses paid by lessor, along with the unpaid rental, and from lessor's petition and the evidence these obligations for payment to the lessor constitute the foundation of his suit. The written contract contains no provision regarding a specific place of payment of the rent or for payment of such expenses which may become reimbursable to the lessor. Only by implication and a somewhat strained construction, can the obligations sued upon be made performable in a county expressly named in the written lease contract. Venue cannot be fixed under subsection 5 by implication or doubtful construction. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948). The very obligation sued upon must be made performable only in the county expressly named within the written contract. Southwestern Investment Company v. Shipley, 400 S.W. 2d 304 (Tex.1966); Rorschach v. Pitts, supra. Therefore, we hold that plaintiff-lessor has not met the burden of bringing himself within subsection 5. We sustain appellant's points one and two.

In his third point, appellant contends that since the principal and essential obligation of the defendant is one for the payment of the stipulated sum for "rental," with the other obligations being only incidental thereto, and since no place of performance of such obligation is stated in the lease contract, no exception to the general rule of venue at the domicile is involved. Our determination that venue in plaintiff's suit seeking recovery against defendant for unpaid rent and reimbursement for expenses cannot be maintained in Potter County under subdivision 5 pretermits our further consideration of appellant's third point.

Accordingly, the trial court's order overruling defendant's plea of privilege is reversed and judgment is here rendered ordering the cause transferred to Tom Green County, Texas.