KIDS KOUNTY KLOTHING, INC., et al., Appellants,

v.

LACHMAN–ROSE COMPANY, INC., Appellee.

No. 4955.

Court of Civil Appeals of Texas, Eastland.

Jan. 13, 1977.

Larry G. Patton and Brice A. Tondre, Wright & Tondre, Houston, for appellants.

J. Russell Davis, Davis & O'Connor, San Antonio, for appellee.

WALTER, Justice.

Lachman-Rose Company, Inc., whose principal offices are located in San Antonio, Bexar County, Texas, filed suit in Bexar County against Kids Kounty Klothing, a corporation and Sid C. Weiss, both of Houston, Harris County, Texas, on two license agreements. The defendants' pleas of privilege were overruled and they have appealed.

Under the license agreements Rose leased Kounty space in two stores in Houston, Texas. Weiss personally guaranteed the performance of Klothing for the first three years.

In its controverting plea Rose sought to maintain venue in Bexar County under subdivisions 23 and 29a of Article 1995, V.A. C.S. Under subdivision 23, plaintiff was required to establish Kounty was a corporation; that Rose had a cause of action against Kounty; and the cause of action or part thereof arose in Bexar County. In so far as the corporate defendant is concerned, the only question presented is whether there is any evidence to support the finding the cause of action or any part thereof arose in Bexar County.

Following some preliminary negotiations Kids Kounty Klothing and Weiss executed the agreements in Harris County on February 24, 1974 and mailed them to Rose in San Antonio. After checking the instruments, Rose executed them on March 20, 1974, in Bexar County and returned fully executed copies to appellants. The cause of action for breach of the written agreements occurred after they were executed. The facts of this case show there was no meeting of the minds between the contracting parties until the agreements were executed by Rose in Bexar County and returned to appellants. The execution of the contract was consummated in Bexar County. We hold there is some evidence to support the judgment against the corporate defendant. *Lone Star Gas Company v. Coastal States Gas Producing Company*, 388 S.W.2d 251 (Tex.Civ.App.—Corpus Christi 1965, no writ); *Pitt Grill, Inc. v. Albert*, 432 S.W.2d 160 (Tex.Civ.App.—Dallas 1968, no writ).

In its controverting plea, Rose asserts:

"The Plaintiff further states that since the Defendant, SID C. WEISS, personally guaranteed the contracts entered into by the corporate Defendant, he is a necessary party to this cause of action. Therefore, if venue is properly maintainable

against the corporate Defendant under either subdivision 5 or 23 of the venue statute, then venue is properly maintainable against the individual Defendant in Bexar County under subdivision 29a of Article 1995, V.A.C.S."

■ The only relief Rose is entitled to under its pleadings against Kounty, the corporate defendant properly suable in Bexar County under subdivision 23 of Art. 1995, V.A.C.S., is a money judgment for a breach of contract between Rose and Kounty. This judgment can be obtained in Bexar County without Weiss' presence as a party.

In *Loop Cold Storage Company v. South Texas Packers, Inc.*, 491 S.W.2d 106 (Tex. 1973), the court said:

". . . The question then is whether Loop is a necessary party in that suit. To be a necessary party (per subdivision 29a) Loop's joinder in the Nueces suit must be necessary in order to afford plaintiff the complete relief to which it is entitled under the facts of the Nueces case against Alford and Express. *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774 (1944); *Shaw v. Allied Finance Co.*, 161 Tex. 88, 337 S.W.2d 107 (1960); *Weaver v. Acme Finance Co.*, 407 S.W.2d 227 (Tex.Civ.App.1966, no writ) . . . If there were any basis in these facts for the plaintiff to claim a joint liability of these parties, Loop could be retained in the Nueces suit. *Commonwealth Bank & Trust Co. v. Heid Bros., Inc.*, 122 Tex. 56, 52 S.W.2d 74 (1932). The plaintiff did draft its petition as if there were one shipment of 600 boxes of meat for which both Alford and Loop were responsible, and plaintiff prayed for the full amount of its damages from all three defendants. However, there is no *proof* of joint responsibility, and this is a burden plaintiff had to carry in order to retain venue in Nueces County. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758 (1956). Under the *Ladner* holding the plaintiff was required to prove that no effectual decree could be rendered between plaintiff and the parties to the Nueces shipment (Alford and Express) without joining Loop. Plaintiff has presented proof that it is entitled to recover from one or more of these defendants, and it argues that separate trials increase the chances that this recovery will not be obtained. But the lack of proof of causation, and the chances of plaintiff collecting from some defendant, are not factors which affect the determination of whether Loop is a necessary party under the venue statute."

In *Ladner v. Reliance Corporation*, 293 S.W.2d 758 (Tex.1956), the court said:

"Subdivision 29a was enacted for the benefit of the plaintiff to enable him to bring suit in any county where the same may be maintained against at least one defendant under any other exception to Art. 1995, and to obtain the full relief to which he may be entitled in that suit. See *Pioneer Building & Loan Ass'n v. Gray*, supra. As stated in *Compton v. Elliott*, supra, proof of the venue facts is the price which the plaintiff pays for the benefit he expects to derive from the exception. It is our opinion that a plaintiff who relies on Subdivision 29a to maintain venue of a defendant in the county of suit must not only allege the facts which make such defendant a necessary party to the suit within the meaning of that subdivision, but must also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings or which are established as a matter of law by the allegations of the petition.

. . . . .

. . . Every person whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county is a necessary party within the meaning of Subdivision 29a. . . . It was, therefore, incumbent upon appellant to establish that the joinder of appellees is necessary to enable him to obtain full and effective relief in the suit which he is entitled to maintain in Jasper County against Mr. and Mrs. Newman under Subdivision 3."

In *Dina Pak Corporation v. May Aluminum, Inc.,* 417 S.W.2d 419 (Tex.Civ.App.—Corpus Christi 1967, no writ), the court said:

". . . This relief is obtainable by plaintiff in the suit against the corporate defendant without the joinder of Keys as defendant. The fact that plaintiff alleged and testified that the merchandise was sold to Keys as well as to Dina Pak on the basis of Keys' promise to pay for them would not constitute Keys a necessary party to the suit in Wharton County. Neither would Keys' written contract guaranteeing payment up to $10,000.00 of Dina Pak's account."

We hold Rose has failed to discharge its burden of pleading and introducing some evidence of probative force that Weiss was a necessary party within the meaning of subdivision 29a of Article 1995, V.A.C.S.

The judgment is reversed as to Weiss' plea of privilege and judgment is rendered that his plea of privilege is sustained. In all other respects, the judgment is affirmed.