SOUTHWEST MINERALS,
INC., Appellant,

v.

A. M. McCONNELL et al., Appellee.

No. 12918.

Court of Civil Appeals of Texas,
Austin.

May 30, 1979.

Rehearing Denied July 11, 1979.

B. J. Walter, Jr., Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellant.

James L. Cutcher, Barkley & Cutcher, Taylor, for appellee.

PHILLIPS, Chief Justice.

This is a venue case. Appellees sued appellant for breach of contract. The suit was filed in Caldwell County, Texas. Appellant filed a plea of privilege asserting its right to be sued in Harris County, Texas, the county of its residence. Appellees filed a controverting plea, and after hearing, the district court overruled appellant's plea of privilege. Appellant then perfected its appeal to this Court.

We reverse and remand.

Appellees are two brothers who are partners in an oil field drilling company, McConnell Drilling Company. The parties hereto entered into negotiations for a contract whereby appellees were to drill oil wells for appellant in Colorado and Matagorda Counties. These negotiations occurred in Caldwell County where appellees maintain their residence.

Appellees prepared and forwarded a "Rotary Drilling Bid Proposal and Contract" to appellant in Houston. This instrument provided for payment to appellees to be made in Lockhart, Caldwell County, and also provided that it would not become effective until executed by both parties.

The "Rotary Drilling Bid Proposal and Contract" was never executed by appellant. Rather, appellant mailed appellees a "letter agreement."[1] Appellees signed this letter agreement and returned it to appellant. This letter agreement had no provision that payment be made in any particular place.

In response to appellees' suit, appellant filed its plea of privilege and, by sworn denial, denied that it had executed or entered into the bid proposal and contract.

Appellees then filed their controverting plea and answered appellant's venue contention by alleging that the pleaded venue was proper under Tex.Rev.Civ.Stat.Ann. art. 1995, §§ 5 and 23 (1964 and Supp.1978).

Subdivision 5 of Article 1995 states: ". . . if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ It is appellees' contention that the two written instruments, the "Rotary Drilling Bid Proposal and Contract" which noted that performance would be performable in Caldwell County, and the letter agreement executed by the parties hereto with no mention of place of performance, when taken together, formed a binding contract between the parties.

We think not. This argument conflicts with the express terms of the "Rotary Drilling Bid Proposal and Contract." According to the proposal:

"This instrument shall not become a binding contract until Owner [Southwest]

1. "This will confirm our agreement whereby you agree to drill our # 1 Schiurring 3900′ well, Colorado County, Texas, and our # 1 Lewis 3900′ well, Matagorda County, Texas, under the following terms:
   1. You agree to drill the wells on a footage basis of $6.50 per foot with rig time to commence, with your usual rates, when the first log is out of the hole.
   2. You will drill the Schiurring well first, to be commenced in about two weeks, then moving immediately on to the Lewis well.
   3. You agree to purchase twenty percent (20%) interest in the 324.42 Schiurring lease for $15,000.00, which sum takes you through the first log at which time you will be pro rata. If the well is productive, we will assign to you your twenty percent (20%) interest in the lease under the same terms and conditions as the assignments to our other partners.
   Very truly yours,
   SOUTHWEST MINERALS, INC.
   /s/
   James C. Calaway
   President"
   AGREED TO AND ACCEPTED
   This 24 day of Feb. 1976
   /s Afton M. McConnell

has noted its acceptance and *Owner shall be under no obligation to Contractor [McConnell] until such acceptance has been noted and a fully executed copy of this agreement sent to Contractor. . ."* (Emphasis added).

Where an offer prescribes the time and manner of acceptance, its terms in this respect must be complied with to create a contract. *Town of Lindsay v. Cooke County Electric Cooperative Association,* 502 S.W.2d 117 (Tex.1973), *cert. denied,* 416 U.S. 970, 94 S.Ct. 1993, 40 L.Ed.2d 559 (1974); *Texas Employers' Insurance Association v. Moore,* 56 S.W.2d 652 (Tex.Civ.App.1932, writ ref'd).

It was undisputed that the "Rotary Drilling Bid Proposal and Contract" was never executed and returned in accordance with its provisions. Consequently, it did not bind appellant in any respect, much less obligate it to make payment in a particular county.

■ Appellees rely also on subdivision 23 of Article 1995. It provides in pertinent part that suit against a private corporation may be brought in the county in which the cause of action or part thereof arose. Appellees contend that a part of their cause of action for breach of contract arose in Caldwell County inasmuch as negotiations took place there. To prevail they must have pleaded and proved appellant was a corporation and the existence of a cause of action, which issues are not in dispute, and that the cause of action or any part thereof arose in the county of suit. E. g., *Kids Kounty Klothing, Inc. v. Lachman-Rose Co.,* 546 S.W.2d 381 (Tex.Civ.App.1977, no writ); *Delhi Gas Pipeline Corp. v. Allgood,* 492 S.W.2d 651 (Tex.Civ.App.1973, no writ). The requirement of subdivision 23 that "part" of the cause of action must have arisen in the county of suit is satisfied by proof that the contract was either made or breached there. *Id.*

■ In a venue case, the plaintiff must set out in his controverting plea the specific facts relied on to establish venue in the court where the case is pending. The right to be sued in the county of one's residence is a valuable right, and the burden is on the plaintiff to plead and prove the facts which will sustain venue under an exception. *Leonard v. Maxwell,* 365 S.W.2d 340 (Tex. 1963); *Jefferies v. Dunklin,* 131 Tex. 289, 115 S.W.2d 391 (1938). Appellees alleged in their original petition and controverting plea merely that *negotiations* leading up to execution of the two instruments were conducted in Caldwell County and not that the parties entered into a contract there.

■ At the venue hearing, appellees sought to introduce testimony by the parties and the "letter agreement," all of which tended to show, in various ways, that a contract was entered into in Caldwell County. Appellant objected in each instance on the basis that the evidence was not supported by the pleadings. The trial court overruled the objections by appellant, we believe, erroneously. The pleadings determine the issue upon which parties go to trial, and it is not proper to admit evidence unless it is addressed to or bears upon some issue raised by the pleadings. *Erisman v. Thompson,* 140 Tex. 361, 167 S.W.2d 731 (1943). The evidence appellees sought to introduce was at variance with the allegation in the controverting plea that "negotiations" took place in Caldwell County and the evidence should not have been admitted.

■ Although appellant did not specially except to the defect in appellees' controverting plea, as appellant should have done under Tex.R.Civ.P. Rule 90, specific objection to the evidence was made, so the issue was not tried by implied consent. See *Buchanan v. Jean,* 141 Tex. 401, 172 S.W.2d 688 (1943). The controverting plea must set out the essential venue facts relied upon by the plaintiff "where the question is properly raised by special exceptions *or* by objections to the evidence." *Wilson's Pharmacy, Inc. v. Behrens Drug Co.,* 494 S.W.2d 161 (Tex. 1973) (emphasis added); accord, 1 McDonald, *Texas Civil Practice* § 4.49, at 596 (1965). Appellees failed to show that the cause of action or part thereof arose in Caldwell County as is required by subdivision 23.

The judgment of the trial court is reversed and the cause is remanded to the district court with instructions to enter an order transferring the cause to Harris County, Texas, for a trial on the merits.

Reversed and Remanded with Instructions.