**SEVEN ELVES, INC., et al., Appellants,**

**v.**

**GRANT PLAZA HUNTSVILLE ASSOCIATES, Appellee.**

**No. A2322.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 23, 1980.

Rehearing Denied May 14, 1980.

John F. Schaffer, Houston, for appellants.

Anthony J. Sadberry, Sharolyn P. Wood, Sullivan, Bailey, King & Sabom, Houston, Donald L. Kraemer, Haney & Kraemer, Huntsville, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is a venue case. Grant Plaza Huntsville Associates (appellee) sued Seven Elves, Inc., Gary Woodall and Charles Friday in Walker County seeking a joint and several judgment on a claim for damages based upon a written lease agreement and a written guaranty. Each defendant filed a plea of privilege to be sued in Harris County. Appellee filed a controverting affidavit alleging that sections 5, 23 and 29a of Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964) applied and that venue was proper in Walker County. After a hearing to the court, the trial court denied the pleas of privilege. Seven Elves, Woodall and Friday appeal from this ruling.

On August 1, 1974 Seven Elves executed a lease as a tenant for a shopping center space in Huntsville, Walker County. The lease was for a five year period ending November 30, 1979. Appellants Woodall and Friday executed a written guaranty as part of the lease agreement, in which they guaranteed the performance of the obligations and payment of rent. Eltinge, Graziadio and Sampson Development Company was the original lessor, but subsequently assigned its interest to American Villages, Inc., a California corporation. American Villages then assigned its interest to appellee.

Appellant urges that section 23 of article 1995 is insufficient to maintain venue in Walker County as to Seven Elves.

We disagree. Section 23 states in part that: "Suits against a private corporation, association, or joint stock company may be brought . . . in the county in which the cause of action or part thereof arose . . . ." The main issue that we must decide is whether the cause of action or part thereof arose in Walker County. The Supreme Court has held that "either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." *Stone Fort National Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674, 676 (1936). Seven Elves leased premises in Walker County and, eventually, abandoned the premises and failed to perform other obligations there. The transaction creating the right and relating to the breach of that right has its genesis in the leasing of the premises in Walker County. *See Lubbock Manufacturing Co. v. Sames*, Tex., 598 S.W.2d 234 (1980). Thus, the evidence supports the implied finding of the trial court that some part of the transaction creating the primary right and relating to the breach of that right arose in Walker County.

Since we hold that venue is proper as to Seven Elves under section 23, we must next consider whether venue is proper as to appellants Woodall and Friday. Section 29a provides that:

29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

To maintain venue in Walker County as to Woodall and Friday, they must be "necessary parties" within the meaning of section 29a. A necessary party is one whose joinder is necessary to give plaintiff the complete relief to which he is entitled in the suit which can be maintained in that county. *Ladner v. Reliance Corp.*,

156 Tex. 158, 293 S.W.2d 758 (1956). We recognize that the area of law dealing with necessary parties has been in a state of flux. Some courts have held to the contrary, but we believe that guarantors, in a suit against the principal obligor and in which plaintiff may be entitled to a joint judgment, are necessary in order to give the plaintiff the full relief to which he is entitled. *See Willis v. Victoria Bank & Trust Co.*, 76 S.W.2d 532 (Tex.Civ.App.—Beaumont 1934, no writ). Furthermore, the Supreme Court has stated that a plaintiff cannot get the full relief to which it is contractually entitled, a joint as well as a several judgment, against both surety and principal, unless both are sued in the same action. *Ramey & Mathis v. Pitts*, 149 Tex. 214, 230 S.W.2d 211 (1950).

In view of our holdings on sections 23 and 29a, it is not necessary to consider the question of whether venue could be sustained on the basis of section 5. The judgment of the trial court is affirmed.

Affirmed.