Charles M. FRIDAY et al., Petitioners,

v.

GRANT PLAZA HUNTSVILLE ASSOCIATES, Respondent.

No. B–9524.

Supreme Court of Texas.

Dec. 31, 1980.

Rehearing Denied Feb. 4, 1981.

John F. Schaffer, Houston, for petitioners.

Sullivan, Bailey, King & Sabom, Sharolyn P. Wood and Anthony J. Sadberry, Houston, Haney & Kraemer, Donald L. Kraemer, Huntsville, for respondent.

POPE, Justice.

This is a venue case. Grant Plaza Huntsville Associates sued Seven Elves, Inc., Charles M. Friday and Gary R. Woodall in Walker County, Texas. Grant Plaza sued all three defendants for alleged unpaid rents and other sums owing by Seven Elves under a written lease agreement. Grant Plaza also asserted its action against Friday and Woodall on their written guarantee. All three defendants filed pleas of privilege

to be sued in Harris County, the county of their residence, but the trial court denied their pleas. The court of civil appeals affirmed the trial court's judgment that venue as to all defendants was in Walker County. 598 S.W.2d 692. Seven Elves did not appeal from that order. The court of civil appeals held that the guarantors, Friday and Woodall, are necessary parties under subdivision 29a of article 1995, Tex.Rev.Civ. Stat.Ann.˙ We hold that the court of civil appeals erred in its judgment that the two guarantors are necessary parties in the suit against the original lessee. We reverse that part of the judgment of the courts below.

Grant Plaza is the assignee of the original lease which was executed on August 1, 1974, with Seven Elves as a tenant for shopping space in Huntsville, Walker County. Friday and Woodall on August 7, 1974, signed a guaranty of the lease. Seven Elves took possession of and operated a toy store on the leased premises from November 1, 1974, until June or July of 1977, when Seven Elves unilaterally discontinued the operation of the store and vacated the premises. At the time of this alleged breach of the lease, Seven Elves had paid only half of the rent for the months of January through July, 1977, and during that same time had failed to reimburse the lessor for the prorata share of the taxes, insurance, maintenance, and repair incurred in connection with the common areas of the Grant City Shopping Center, the site of the leased premises.

Grant Plaza relied upon sections 5 and 29a of article 1995, Tex.Rev.Civ.Stat.Ann., for holding venue as to Friday and Woodall in Walker County. Grant Plaza relied upon sections 5 and 23 of article 1995, Tex.Rev. Civ.Stat.Ann., for holding venue as to the lessee, Seven Elves, in Walker County.

As to Friday and Woodall, Grant Plaza had to prove only one venue fact to sustain venue in Walker County under subdivision 5.[1] This fact is that the defendants con-

---

1. Tex.Rev.Civ.Stat.Ann. art. 1995, § 5(a) reads:

5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has

tracted in writing to perform the alleged obligation in the expressly named county or some definite place therein. *Southwestern Investment Co. v. Allen*, 160 Tex. 258, 328 S.W.2d 866 (1959); *Petroleum Producers Co. v. Steffens*, 139 Tex. 257, 162 S.W.2d 698 (Tex. Comm'n App. 1942, opinion adopted); *Holloway v. Dannenmaier*, 581 S.W.2d 765 (Tex.Civ.App.—Ft. Worth 1979, writ dism'd); *Reed v. Eakins*, 509 S.W.2d 947 (Tex.Civ.App.—Amarillo 1974, no writ).

■ Grant Plaza directs the court's attention to and relies upon only the following provisions in the written lease as grounds for fixing venue as to Friday and Woodall under subdivision 5:

"1. *Definitions.* The following terms as used in this Lease shall have the meanings hereinafter set forth: . . .

(c) *'Shopping Center'*: That certain property located . . . in the City of Huntsville, County of Walker, State of Texas . . .

(d) *'Leased Premises'*: That portion of the Shopping Center so designated . . .

2. *Term and Rent.* Landlord leases and Tenant rents the Leased Premises . . .

*Use.* Tenant shall use the Leased Premises for a Toy, Hobby & Gift Store . . .

16. *Abandonment of Premises.* Trade Fixtures. Tenant shall not vacate or abandon the Leased Premises at any time during the term of this Lease . . . Failure to operate Tenant's Business on the Leased Premises for seven (7) consecutive days . . . without Landlord's consent and whether or not rent is tendered shall be deemed to be abandonment of the premises."

However, the August 1, 1974, lease agreement and the August 7, 1974, guaranty do not expressly state that the rental and other sums of money due under the lease are payable in any given Texas county. *See Hopkins v. First National Bank at Brownsville*, 551 S.W.2d 343, 345 (Tex.1977); and *Harkness v. Employers National Ins. Co.*, 502 S.W.2d 670 (Tex.1973). In fact, the rental payments made by Seven Elves during the term of the lease were always sent to the address of American Villages, Inc. in California. As the essential obligation sued upon is that of payment, and as the present lease and the guaranty agreement name no place certain for payment due under the lease, subdivision 5 does not apply to Friday and Woodall. *Southwestern Investment Co. v. Shipley*, 400 S.W.2d 304 (Tex.1966); *Rorschach v. Pitts*, 151 Tex. 215, 248 S.W.2d 120 (1952); *Reed v. Eakins, supra; Paris Milling Co. v. Wooldridge*, 473 S.W.2d 224 (Tex.Civ.App.—Amarillo 1971, no writ); *Dina Pak Corp. v. May Aluminum, Inc.*, 417 S.W.2d 419, 422 (Tex.Civ.App.—Corpus Christi 1967, no writ).

Grant Plaza also urges that since venue in Walker County was held proper against the corporate lessee, Seven Elves[2] under subdivision 23, that venue is thus properly maintainable against Friday and Woodall in Walker County under subdivision 29a.[3] Subdivision 29a provides that when there are two or more defendants in a suit, and such suit is lawfully maintainable in the county of suit against any of such defendants, then such suit may be maintained against "all necessary parties thereto." *See Skeen v. Mouser*, 530 S.W.2d 918, 919 (Tex. Civ.App.—Waco 1975, no writ). Friday and

---

contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

2. As Seven Elves did not appeal the lower court's plea of privilege decisions against it to this court, we express no view of the opinions rendered against it.

3. Tex.Rev.Civ.Stat.Ann. art. 1995, § 29a reads:

29a. Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

Woodall can be held in the Walker County suit, only if they are necessary parties. The question becomes, "what is necessary?"

■ For Friday and Woodall to be necessary parties under subdivision 29a, their joinder in the Walker County suit must be necessary in order to afford the plaintiff Grant Plaza the complete relief to which it is entitled under the facts of the Walker County case against Seven Elves. *Loop Cold Storage Co. v. South Texas Packers, Inc.,* 491 S.W.2d 106, 108 (Tex.1973); *Shaw v. Allied Finance Co.,* 161 Tex. 88, 337 S.W.2d 107 (1960); *Union Bus Lines v. Byrd,* 142 Tex. 257, 177 S.W.2d 774 (1944); *Kids Kounty Klothing, Inc. v. Lachman-Rose Company, Inc.,* 546 S.W.2d 381, 383 (Tex.Civ.App.—Eastland 1977, no writ); *Dina Pak Corp. v. May Aluminum, Inc., supra* at 424. Grant Plaza's burden was to prove that no effectual decree could be rendered between Grant Plaza and Seven Elves in the Walker County suit without joining Friday and Woodall. *Loop Cold Storage Co. v. South Texas Packers, Inc., supra* at 108, 109. Grant Plaza, however, has presented proof that it is entitled to recover from each of these named defendants individually. Therefore, relief is obtainable by Grant Plaza in its suit against Seven Elves without the joinder of Friday and Woodall in Walker County.[4]

We have jurisdiction of this venue case because the court of civil appeals has held differently from a prior decision of the court of civil appeals of the Thirteenth Supreme Judicial District in *Dina Pak Corp. v. May Aluminum, Inc., supra. See also* Tex. Rev.Civ.Stat.Ann. art. 1728; Appellate Procedure In Texas § 25.5 (2d ed. 1979). The decisions in *Dina Pak* and this case are "so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision in the other." *Hopkins v. First National Bank at Brownsville, supra*

at 345; *John Farrell Lumber Co. v. Wood,* 400 S.W.2d 307 (Tex.1966); *Garitty v. Rainey,* 112 Tex. 369, 247 S.W. 825, 827 (1923). The *Dina Pak* court held that the guarantor of a buyer's account was not a necessary party, as used in subdivision 29a, to a suit, against the buyer, and that such guarantor defendant was entitled to be sued in the county of the guarantor's residence. The present court of civil appeals decision is also in conflict with *Kids Kounty Klothing, Inc. v. Lachman-Rose Company, Inc., supra.* In the *Kids Kounty Klothing* case, the Eastland Court of Civil Appeals held that the guarantor of the performance of a lease was not a necessary party within the meaning of subdivision 29a of article 1995, Tex. Rev.Civ.Stat.Ann.

The judgment is reversed as to Friday and Woodall, and the cause is remanded to the trial court with instructions to sustain their pleas of privilege and to transfer the cause against them to Harris County.

---

4. Although the guarantors in the present case are not subdivision 29a "necessary" parties to the suit filed against the principal obligor, Seven Elves, the principal obligor is a subdivision 29a "necessary" party to any suit against the guarantors. *Ramey & Mathis v. Pitts,* 149 Tex. 214, 230 S.W.2d 211, 212 (1950), see Tex.Civ.

App., 231 S.W.2d 686. This apparent contradictory fact is caused by the Texas procedural requirements for suing a party whose liability is of a secondary nature. *See* Tex.R.Civ.Pro. 30, 31, 163; Tex.Rev.Civ.Stat.Ann. arts. 1986, 1987, 2088; Tex.Bus. & Com.Code § 34.01.