NO. 07-05-0333-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 28, 2006


______________________________



LOUIS DELL BUTLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,970-E; HONORABLE RICHARD DAMBOLD, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Louis Dell Butler, appeals his conviction for possession of marihuana and
sentence of fifteen years incarceration in the Institutional Division of the Texas Department
of Criminal Justice and $7,000 fine. Appellant's counsel has filed a brief in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and
Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). We affirm.

 Appellant's counsel, in compliance with Anders and Gainous, states that she has
diligently reviewed the appellate record and is of the opinion that the record reflects no
reversible error upon which an appeal can arguably be predicated. Counsel thus concludes
that the appeal is frivolous. Counsel's brief presents a chronological summation of the
procedural history of the case and discusses why, under the controlling authorities, there
is no reversible error in the trial court proceedings and judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has attached an exhibit showing that a copy of the Anders brief and motion
to withdraw have been forwarded to appellant and that counsel has provided appellant a
copy of the record for his review and has advised him of his right to file a pro se response
to counsel's motion and brief. The clerk of this court has also advised appellant by letter
of his right to file a response to counsel's brief. Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813
S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

 Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). We carried the motion for
consideration with the merits of the appeal. Having considered the merits and finding no
reversible error, appellant's counsel's motion to withdraw is granted and the trial court's
judgment is affirmed.

 Mackey K. Hancock

 Justice

Do not publish. 



ssessed by the other Defendants. This obligation
became all the more apparent when the original Defendants delivered
their policy limits on November 20, 2000.



 The coverage provision of the UIM endorsement in the policy provides: 

 We will pay damages which an insured is legally entitled to recover from the
owner or operator of an uninsured motor vehicle because of bodily injury
sustained by an Insured, or property damage caused by an accident. The
owner's or operator's liability for these damages must arise out of the
ownership, maintenance or use of the uninsured motor vehicle.


 Any judgment for damages arising out of a suit brought without our written
consent is not binding on us. If we and you do not agree as to whether or not
a vehicle is actually uninsured, the burden of proof as to that issue shall be
on us. 

 

Without admitting liability, the insurance carrier for Premier paid its policy limits of
$1,000,000 to the Brainards in settlement and by order dated January 5, 2001, the trial
court dismissed with prejudice the claims against Premier and its employee, but did not
dismiss the claims against Trinity.

 By order of June 11, 2001, among other things, the trial court denied Trinity's first
motion for severance. However, on November 29, 2001, following our decision in In Re
Trinity Universal Ins. Co., 64 S.W.3d 463 (Tex.App.--Amarillo 2001, orig. proceeding), the
trial court granted Trinity's second motion for severance and/or plea in abatement in its
entirety, effectively severing all extra-contractual claims, including Brainards' claims for
breach of duty of good faith and fair dealing, violations of articles 21.21 and 21.55 of the
Insurance Code and violations of the DTPA. 

 Following a four day jury trial, a wrongful death charge was submitted to the jury. 
By its verdict, the jury awarded the surviving wife of the deceased $500,000 and each of
the five children $100,000 and the estate $10,000 for funeral expenses, making the total
award for actual damages $1,010,000. Also, the jury awarded reasonable attorney's fees
to the Brainards in the amount of $100,000. Following motions for new trial and other post-judgment motions by both parties and after allowing an offset of $1,005,000, the trial court
signed its judgment that the Brainards recover from Trinity the sum of $5,000 in damages
and $100,000 in attorney's fees, but denied their request for prejudgment interest.

 Two questions of law are presented for our determination, to-wit: (1) whether in an
action on the UIM policy, an award of attorney's fees is authorized under section 38.001
of the Texas Civil Practices and Remedies Code Annotated (Vernon 1997); and (2) whether
the Brainards were entitled to an award of prejudgment interest on the $1,010,000 in
damages found by the jury as to the underinsured's conduct before offsetting prior
settlements and PIP benefits.

Attorney's Fees
 

 By its sole issue, Trinity contends the trial court erred in awarding the Brainards
$100,000 in attorney's fees in conjunction with the prosecution of the UIM claim because
there had been no determination of the operator's liability (and damages incurred by the
Brainards) prior to the rendition of the judgment at issue. (1) We agree. 

 The Supreme Court has consistently held that attorney's fees may not be awarded
"unless permitted by statute or by contract between the parties," and the availability of
attorney's fees under a statute is a question of law. Holland v. Wal-Mart Stores, Inc., 1
S.W.3d 91, 94 (Tex. 1999). In their prayer and without referencing any statutory authority
or contractual provision as support or authority, the Brainards sought an award of attorney's
fees. However, from the remarks of the trial court during the charge conference upon
Trinity's objection to the inclusion of the attorney's fees question and from the Brainards'
contention on appeal, section 38.001(8) of the Civil Practice and Remedies Code was the
basis of the attorney's fees based on a claim on an oral or written contract. Although the
interpretation of insurance contracts is governed by the same rules as interpretation of
other contracts, in addition to the written provisions of the contract, the Brainards alleged
as their breach of contract claim that Trinity had "an obligation to pay when its investigation
[revealed] that there [was] no question as to liability and that damages [exceeded] the
policy limits of the responsible party." See Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d
819, 823 (Tex. 1997).

 Restated, Trinity agreed to pay damages that the Brainards "were legally entitled to
recover from" Premier or its operator because of bodily injuries sustained by Edward
Brainard. The phrase "legally entitled to recover" is not defined in the UIM provision, but
it has been determined to mean that the Brainards "must be able to show fault on the part
of the uninsured motorist and the extent of the resulting damages." See Franco v. Allstate
Insurance Company, 505 S.W.2d 789, 792 (Tex. 1974). From the statement in their brief
that the suit's "primary focus is to quantify damages which the Brainards could have
recovered from Premier and its driver," the Brainards recognize that the "extent of the
resulting damages" is controlling. (2) In this context, this provision is not a condition
precedent relating to the formation of the contract as discussed in Dillon v. Lintz, 582
S.W.2d 394, 395 (Tex. 1979), but instead relates to the performance under the contract. 
Where, as here, a promise to pay is made subject to a condition precedent, no breach
occurs until the condition occurs. See id.; see also Paris Milling Company v. Wooldridge,
473 S.W.2d 224, 227 (Tex.Civ.App.--Amarillo 1971, no writ); Insurance Corp. of America
v. Webster, 906 S.W.2d 77, 81 (Tex.App.--Houston [1st Dist.] 1995, writ denied). By our
prior opinion in In Re Trinity, 64 S.W.3d at 467, we held that the Brainards' claim for UIM
benefits was contractual in nature and unlike personal injury protection coverage, the
provisions of the UIM endorsement condition payment of benefits upon a determination of
liability of the UIM motorist and damages. 

 The question of an award of attorney's fees in a UIM action has received mixed
analysis by five other courts of appeals. In Sprague v. State Farm Mut. Auto. Ins. Co., 880
S.W.2d 415, 416-17 (Tex.App.--Houston [14th Dist.] 1993, writ denied), and Sikes v.
Zuloaga, 830 S.W.2d 752, 754 (Tex.App.--Austin 1992, no writ), the courts held that
attorney's fees were not recoverable before determination of the fault of the underinsured
motorist and the amount of damages. However, in Allstate Ins. Co. v. Lincoln, 976 S.W.2d
873, 875-76 (Tex.App.--Waco 1998, no pet.), Whitehead v. State Farm Mut. Auto. Ins., 952
S.W.2d 79, 89 (Tex.App.--Texarkana 1997), rev'd on other grounds, 988 S.W.2d 744 (Tex.
1999), and Novosad v. Mid-Century Ins. Co., 881 S.W.2d 546, 552 (Tex.App.--San Antonio
1994, no writ), the courts took the contrary position and allowed attorney's fees. Based
upon this record and the absence of a jury finding of breach of contract as alleged by the
Brainards, we conclude the decisions in Sprague and Sikes present the proper disposition
of the question of attorney's fees. Trinity's sole issue is sustained.


Prejudgment Interest


 By their cross-issue, the Brainards contend the trial court erred in failing to award
prejudgment interest on the $1,010,000 damages (3) as to the underinsured's conduct before
offsetting prior settlements and PIP benefits and entering judgment against Trinity. They
contend:

 The real issue in this appeal is whether interest on the award against the
underinsured, Premier, is recoverable from the UIM carrier when such
damages are within the UIM policy limits. The Brainards contend that the
Supreme Court's precedent and the Texas Statutes require such recovery.


We disagree. Throughout our analysis we must take into consideration the fact that the 
jury was instructed to find the actual damages without including interest. 

 Article 5.06-1 of the Insurance Code (Vernon Supp. 2004), entitled "Uninsured or
Underinsured Motorist Coverage" applies to the Trinity UIM endorsement. Paragraph (5)
provides:

 The underinsured motorist coverage shall provide for payment to the insured
of all sums which he shall be legally entitled to recover as damages from
owners or operators of underinsured motor vehicles because of bodily injury
or property damage in an amount up to the limit specified in the policy,
reduced by the amount recovered or recoverable from the insurer of the
underinsured motor vehicle.


(Emphasis added). In addition, provision D to the UIM endorsement entitled "Limit of
Insurance" provides in part as follows:

 Subject to this maximum, our limit of liability will be the lesser of:


 1. The difference between the amount of a covered insured's damages for
bodily injury or property damage and the amount paid or payable to that
covered insured for such damages, by or on behalf of persons or
organizations who may be legally responsible; and


 2. The applicable limit of liability for this coverage. 

 In Stracener v. United Serv. Auto. Ass'n, 777 S.W.2d 378 (Tex. 1989), expressly
recognizing misinterpretation of the statute by some courts of appeals, as material here,
the Court held: 

 [w]e also hold that the set off provided for in an article 5.06-1(5) is to be
subtracted from the amount of actual damages incurred as a result of the
negligence of the underinsured motorist rather than from the limits specified
in the underinsured motorist insurance policy.


(Emphasis added). Id. at 380. The action of the trial court in applying the credit of prior
settlement and PIP payment to the amounts of actual damages found by the jury without
awarding any interest was consistent with the construction of article 5.06-1(c) by the Court
as well as the express limitation of Trinity's liability contained in the contract. Moreover, 
in clear and precise terms, Trinity agreed to pay damages because of "bodily injury or
property damage," but did not agree to pay interest on the damages or the amount of a
judgment if obtained against the underinsured operator, less the offset.

 As material to this appeal following the severance of the Brainards' claims based on
violations of the DTPA and articles 21.21 and 21.55 of the Insurance Code, their action
against Trinity was not an action for wrongful death or personal injury and property damage
tort claim; rather, it constituted a claim for breach of contract. See Franco, 505 S.W.2d at
792-93 (holding that an action on a UIM contract is not a wrongful death action and is ex
contractu rather than ex delicto). By prayer in their pre-severance pleading the Brainards
sought prejudgment interest; however, they did not identify any statute or contractual
provision supporting an award of prejudgment interest. Similar to Henson v. Southern
Farm Bureau Cas. Ins., 17 S.W.3d 652, 653 (Tex. 2000), the relationship between the
Brainards and Premier was that of injured party and tortfeasor, while the relationship
between the Brainards and Trinity is that of contracting parties. Accordingly, section
304.102 of the Texas Finance Code, which authorizes prejudgment interest in wrongful
death, personal injury, and property damage cases has no application as to Trinity. See
Tex. Fin. Code Ann. § 304.101 (Vernon Supp. 2004); see also Johnson & Higgins of Tx.
v. Kenneco Energy, 962 S.W.2d 507, 529-30 (Tex. 1998) (holding that section 304.101,
formerly Tex. Rev. Civ. Stat. Ann. art. 5069-1.05, § 6(a), allowing statutory prejudgment
interest applies only to wrongful death, personal injury, and property damage cases). 

 Moreover, as above noted, the claims against Trinity in the trial court were grounded
in contract, not tort. Although the Brainards recognize that the real issue is the amount
Trinity is obligated to pay under its contract, they suggest that statutes awarding interest
in tort cases apply in this suit on contract. However, on appeal, parties are restricted to the
theory on which the case was tried. See Davis v. Campbell, 572 S.W.2d 660, 662 (Tex. 
1978); see also Dittoe v. Jones, 220 S.W.2d 315, 319 (Tex.Civ.App.-Fort Worth 1949, writ
ref'd n.r.e.). Accordingly, we may not consider the Brainards' appellate theory regarding
prejudgment interest based on interest applicable to tort claims per sections 304.101 and
304.102 of the Finance Code as grounds to reverse the judgment of the trial court.

 We have not overlooked the Brainards' references to Cavnar v. Quality Control
Parking, Inc., 696 S.W.2d 549 (Tex. 1985), Horizon/CMS Healthcare Corporation v. Auld,
34 S.W.3d 887 (Tex. 2000), and Johnson & Higgins, 962 S.W.2d at 507; however, we do
not consider these cases controlling because they do not present questions involving a suit
on contract for UIM coverage. Further, although Allstate Indem. Co. v. Collier, 983 S.W.2d
342 (Tex.App.--Waco 1998, pet. dism'd by agr.), references Stracener, 777 S.W.2d at 378,
it does not address that portion of Stracener in which the court discusses subtraction of
prior settlement from the amount of actual damages. Similarly, Menix v. Allstate Indem.
Co., 83 S.W.3d 877 (Tex.App.--Eastland 2002, pet. denied), does not reference Stracener
nor discuss a provision such as the one in Trinity's UIM endorsement entitled "Limit of
Insurance." Brainards' cross-issue is overruled.

 Accordingly, that portion of the trial court's judgment awarding the Brainards
attorney's fees in the amount of $100,000 is reversed and judgment is hereby rendered that
no attorney's fees are awarded; in all other respects the judgment is affirmed.


 Don H. Reavis

 Justice


 



1. At trial, Trinity objected to the admission of any evidence regarding attorney's fees. 
Also, at the charge conference, Trinity objected to "the charge on the grounds that
attorney's fees is not a proper measure of damages in this type of case. Therefore,
question number 9 should not be submitted to the jury." Trinity's objection was overruled
and the question was submitted.
2. See brief for appellee/cross appellant on their direct appeal point at page 11.
3. The jury awarded Lilith Brainard $100,000 for pecuniary loss, $200,000 for loss of
companionship and society and $200,000 for mental anguish and awarded each of the five
children $50,000 for loss of companionship and society, and $50,000 for mental anguish.