**Eastman DILLON et al., Petitioners,**

v.

**Melvin LINTZ, Respondent.**

No. B–7745.

Supreme Court of Texas.

May 16, 1979.

Andrews, Kurth, Campbell & Jones, Fred M. Knapp, Jr., Houston, for petitioners.

Goodman L. Caplan, Shapiro & Forbes, Arthur L. Forbes, Houston, for respondent.

POPE, Justice.

The question presented is whether the cause of action was barred by the three-year statute of limitations contained in article 581–33 C, the Securities Act.[1] Melvin Lintz instituted this suit against Eastman Dillon, Union Securities & Co., and Sam Dodd seeking a rescission of a contract for the sale of Omnitec securities. Trial to the court resulted in a judgment that Lintz take nothing. The court of civil appeals, by a divided court, reversed and rendered judgment for Lintz. 568 S.W.2d 147. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

On February 14, 1969, Sam Dodd, an agent employed by Eastman Dillon, telephoned Lintz and recommended that he purchase Omnitec securities for investment purposes. Based on this recommendation, Lintz authorized the purchase of 1,000 shares. Purchase was made on a "when, as and if issued" basis. Eastman Dillon confirmed the sale by telephone that day and mailed a letter of confirmation to Lintz a few days later. The confirmation stated that "we [Eastman Dillon] have this day [February 14, 1969] made the following transaction for your account . . . . . This transaction is on WHEN, AS AND IF ISSUED OR WHEN DISTRIBUTED basis as indicated in 'DESCRIPTION COLUMN.'" The description column listed "Omnitec Corporation when as and if issued."

The stock was issued on March 3, 1969, and Lintz paid the purchase price to Eastman Dillon on March 28. Lintz filed this suit against Eastman Dillon on February 28, 1972, alleging among the violations that the securities were not registered as required by the Securities Act. More than three years had passed if time commenced when the contract was made on February

---

1. In 1977, the 65th Legislature substantially amended Tex.Rev.Civ.Stat.Ann. art. 581–33, but this appeal is governed by the law as it existed prior to the amendment.

Article 581–33 C provided: "No person may sue under Subsection A(1) of this Section 33 more than three (3) years after the contract of sale."

14, 1969, but not if the time began when the stock was issued.

■ The nature of the condition precedent is controlling in this case. As we held in *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1 (Tex.1976), "A condition precedent may be either a condition to the formation of a contract or to an obligation to perform an existing agreement. Conditions may, therefore, relate either to the formation of contracts or to liability under them." *See* 5 S. Williston, A Treatise on the Law of Contracts, § 666 (3d ed. 1961).

■ We conclude, as did the trial court, that the contract was made on February 14, 1969, and the parties then had only to await the event of issuance of the stock before being bound on the obligation to pay. As revealed by the contract, it was not the intent to wait for the issuance of the stock to make the contract. "When-issued trading" is trading in unissued securities which is effected in contemplation of their issuance: a dealer simply makes a contract to sell the securities "when, as and if issued." 1 L. Loss, Securities Regulation at 221 (2d ed. 1961). Such an agreement is a conditional contract by which the parties are bound to perform if the securities are ultimately issued according to the terms specified. Loss & Vernon, *When-issued Securities Trading in Law and Practice*, 54 Yale L.J. 741 (1945).

Since this suit was not filed until February 28, 1972, Lintz exceeded the three years by two weeks. Therefore, the court of civil appeals erred in holding that his claim was not barred by the statute of limitations.

The judgment of the court of civil appeals is reversed, and the judgment of the trial court is affirmed.