**John WEISZ and Henry J. Ziegenthaler, Appellants,**

v.

**SPINDLETOP OIL AND GAS COMPANY, a Nevada Corporation, et al., Appellees.**

**No. 13–83–199–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1983.

Jeffrey L. Wood, Kolodey, Thomas, Dooley & Maris, Dallas, for appellants.

Earl L. Yeakel, III, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Austin, for appellees.

Before GONZALEZ, BISSETT and UTTER, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from the granting of a summary judgment to appellees in a Texas Securities Act case based on the statute of limitations. The novel question of whether an action by the State for the appointment of a receiver tolls the statute of limitations is presented in this appeal. We hold that it does not and affirm.[1]

## FACTS

The dispute arose out of the activities of appellees who were engaged in the business of selling interests in oil and gas leases located in Texas to non-residents of Texas. Having failed to make appropriate registrations with the Texas Securities Board under Sections 7 and 12 of Art. 581 of the Act, appellees were sued by the State of Texas. A receiver was appointed and appellees were enjoined from selling securities without complying with registration provisions of the Securities Act. An appeal from the injunction was unsuccessful. *EnnTex Oil & Gas Co. (of Nevada) v. State,* 560 S.W.2d 494 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.), *appeal dismissed sub nom Enn Tex Oil & Gas Co. v. Texas,* 439 U.S. 961, 99 S.Ct. 445, 58 L.Ed.2d 419 (1978) (hereinafter, the "*EnnTex* case").

After the *EnnTex* decision holding the registration and licensing requirements of § 7(A)(1) and § 12 TEX.REV.CIV.STAT. ANN. Art. 581 (Vernon 1964 & Vernon Supp.1982–83) were applicable to the sales of securities to out-of-state residents, appellants, apparently unsatisfied with the returns on their investments, filed suit seeking recission of their agreements, costs, and attorney's fees. Appellants alleged that appellees had committed violations of the Texas Securities Act in that they had made sales of securities to appellants and neither the securities sold nor the dealers or brokers representing appellees were licensed or registered by or with the Texas Securities Board. Appellees' motion for summary judgment was granted.

Appellants concede that all of the undivided interests in oil and gas leases sold to appellants by appellees occurred prior to July 13, 1976. Plaintiffs filed suit July 13, 1979. Appellants also recognize that the

1. This case was transferred to us by the Supreme Court via an equalization of docket order.

applicable period of limitation is the three years set out in TEX.REV.CIV.STAT.ANN. Art. 581–33 H(1)(a) (Vernon Supp.1982–83).

Appellants also concede that the running of the statutory period began on the date the contracts of sale were made, i.e., the date when the purchasers agreed to purchase their interests, and not when payment became due, tendered, or received. *See Dillon v. Lintz,* 582 S.W.2d 394 (Tex. 1979).

In a single point of error, appellants alleged the trial court erred in granting appellees' motion as material facts exist and appellees were not entitled to judgment as a matter of law. Specifically, appellants argue that the statute of limitations does not bar their claims as the statute was tolled by the filing of the *Enn Tex* suit. Also, appellants urge that this Court exercise its inherent equitable powers, and set aside any bars to the present litigation posed by the applicable statute of limitations.

■ Appellees want us to hold that the pendency of the *Enn Tex* action tolled the applicable statute of limitations for all or any part of the period from November 20, 1975 (the date of filing of the State's suit), until November 13, 1978 (the date the Supreme Court of the United States dismissed the appeal). This we refuse to do.

■ Appellants concede that they were not prevented from pursuing their legal remedies while the suit by the State was in litigation. They, therefore can find no solace in the general rule that "where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Walker v. Hanes,* 570 S.W.2d 534, 540 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Cavitt v. Amsler,* 242 S.W. 246, 249 (Tex.Civ.App.—Austin 1922, writ dism'd).

Appellees direct our attention to *Nichols v. Wheeler,* 304 S.W.2d 229, 232 (Tex.Civ. App.—Austin 1957, writ ref'd n.r.e.) where

the court wrote, "It is the general rule that the appointment of a receiver does not affect the running of limitation."

As stated by the Supreme Court of Texas:

> The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975); *Hallaway v. Thompson,* 148 Tex. 471, 226 S.W.2d 816 (1950). Statutes of limitations are not directed to the merits of any individual case, they are a result of the legislative assessment of the merits of cases in general. The fact that a meritorious claim might thereby be rendered nonassertible is an unfortunate, occasional by-product of the operation of limitations. All statutes of limitations provide *some* time period during which the cause of action is assertible. However, preclusion of a legal remedy alone is not enough to justify a judicial exception to the statute. The primary purpose of limitations, to prevent litigation of stale or fraudulent claims, must be kept in mind. See Note, 30 Sw.L.J. 950 (1976).

*Robinson v. Weaver,* 550 S.W.2d 18, 20 (Tex. 1977).

Two cases construing section 33 of the Texas Blue Sky Law have rigorously enforced the period of limitations. In *Stone v. Enstam,* 541 S.W.2d 473 (Tex.Civ.App.— Dallas 1976, no writ), the sale providing the gravaman of plaintiff's claim occurred on October 14, 1971. Suit was filed December 9, 1974, some eight weeks in excess of the three years. The Dallas Court of Civil Appeals affirmed the trial court's application of the three-year statute of limitations barring plaintiff's claim. 541 S.W.2d at 478.

In the *Stone* case, the Dallas Court also had before it a provision of § 33 of the Texas Security Act as it existed before the 1977 and 1979 amendments. Interpreting a provision that incorporated a "discovery rule," the Court agreed with the trial court

that information was reasonably available to plaintiff after November 29, 1971. Suit was not filed until December 9, 1974, some three years and ten days later. The court held that suit was barred. *Stone,* 541 S.W.2d at 479.

In *Dillon v. Lintz,* 582 S.W.2d 394 (Tex. 1979), the Supreme Court of Texas found that the sale of securities occurred on February 14, 1969, and that suit was instituted February 28, 1972. In reversing the court of civil appeals, the Supreme Court stated: "Since this suit was not filed until February 28, 1972, Lintz exceeded the three years by two weeks. Therefore, the court of civil appeals erred in holding that his claim was not barred by the statute of limitations." 582 S.W.2d at 395.

In the instant case, the cause of action is a creature of statute. Texas follows the rule that "where the statute creates a right and also incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural...." *State of California v. Copus,* 158 Tex. 196, 309 S.W.2d 227, 231 (1958).

Appellants state that "the Court in this and every other jurisdiction in this country possess the inherent power to set aside the literal effect of statutory periods of limitation when equity so requires." This, apparently is not so in Texas. *See Nelson v. Krusen & Baylor University Medical Center,* 27 Tex.S.Ct.J. 82 (November 19, 1983).

The judgment of the trial court is AFFIRMED.