Moshen SADEGHI, Appellant,

v.

James GANG, Appellee.

No. 05–08–00035–CV.

Court of Appeals of Texas, Dallas.

Nov. 24, 2008.

Rehearing Overruled Dec. 30, 2008.

---

Mark H. How, How, Frels, Rhodes, Woods & Duke, P.C., Mark Frels, Short How Frels & Heitz, P.C., Dallas, TX, for Appellant.

Charles Raymond Nichols, John H. Carney & Associates, William M. Ravkind, Dallas, TX, for Appellee.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice RICHTER.

On our own motion, we withdraw our opinion of November 3, 2008 and vacate our judgment of that date. This is now the opinion of the court. This case involves a traditional summary judgment concerning the enforceability of a contract. Moshen Sadeghi and James Gang agreed to and announced the terms of a settlement on the record in open court. When Gang subsequently refused to honor the agreement, Sadeghi filed suit, and both parties moved for a traditional summary judgment. The trial court found the parties did not intend the agreement to be enforceable until it was reduced to writing and granted summary judgment for Gang. In four related issues on appeal, Sadeghi argues the trial court erred in granting judgment for Gang as a matter of law because the agreement was an enforceable contract. In an alternative issue, Sadeghi contends the trial court erred because there were material fact issues about whether the parties intended the agreement to be enforceable. We conclude the summary judgment evidence establishes the parties entered into an enforceable contract and therefore the summary judgment in favor of Gang was in error. We reverse the trial court's judgment granting Gang's motion for summary judgment and denying Sadeghi's motion for summary judgment and remand the case for further proceedings consistent with this opinion.

### Background

Sadeghi was a plaintiff in a lawsuit against USA Secur*Glass Corporation ("Secur Glass"), Secur Car Armor Corporation ("Secur Car") (together, the "Corporations") and others. Gang was not named as a party to the lawsuit, but participated in the negotiation of a settlement. As part of the multi-party settlement, Gang agreed

to purchase Sadeghi's stock in the Corporations. The agreement, dictated into the record in open court, provided that Gang was to purchase all of Sadeghi's interest in Secur Car, represented by 833 shares of stock, and whatever interest Sadeghi owned in Secur*Glass. The purchase price of the stock was to be $1,200,000 if the transaction closed within 60 days, $1,300,000 if the transaction closed after 60 but within 120 days, and $1,400,000 if the transaction closed within 120 but before the expiration of 180 days. At the expiration of the 180th day, Gang was obligated to purchase the stock. The stock was to be held in escrow until the purchase price was paid. The effective date of the agreement was to be April 10, 2006, the day the agreement was announced in open court. The parties agreed Gang would make a $20,000 down payment when the agreement was executed. The down payment was non-refundable, but was to be credited toward the purchase price. The attorney reciting the terms of the agreement into the record also noted the parties' acknowledgment that the purpose of the settlement was to resolve the issue of previously issued shares in excess of the share limit. The parties also agreed to full mutual releases and the dismissal of all claims with prejudice. Each party was to be responsible for his own costs and attorney's fees. There is no dispute that the parties contemplated this agreement would also be subsequently reduced to writing.

After the agreement was announced in court, counsel for the Corporations provided counsel for Sadeghi with a draft stock purchase agreement. The parties agree the draft contained an error concerning a material term because it changed the effective date of the agreement. After the draft was circulated, the parties' counsel met once to discuss it, but the draft agreement was never signed. After receiving notice that Gang did not intend to consummate the purchase, Sadeghi made demand upon Gang to honor the oral agreement dictated into the record. When Gang refused, Sadeghi initiated this action for breach of contract and fraudulent inducement.[1]

Both parties moved for summary judgment on the contract claim. Gang argued there was no enforceable contract because the agreement lacked certain essential terms and was simply an agreement to agree. According to Gang, the absence of a formal writing signified there was no contract. Sadeghi maintained the agreement announced in court was an enforceable contract. The court denied Sadeghi's motion and granted summary judgment for Gang. In its order of final judgment, the court stated that "... the oral or preliminary agreement between the parties was intended by the parties to be subsequently reduced to writing before it became an enforceable contract. There being no execution on the written agreement, there was no enforceable contract." This appeal followed.

### Standard of Review

The standard for reviewing a traditional motion for summary judgment is well-established. *See Sysco Food Servs. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). A party moving for

1. The fraudulent inducement claim was disposed of by the Mother Hubbard clause in the judgment and has not been raised on appeal.

traditional summary judgment is charged with the burden to establish that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curium). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982). When both sides move for summary judgment, the court is to review both sides' summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000).

### Discussion

■ Although the parties offer differing characterizations of the issue, the crux of the matter presented for our determination is whether the summary judgment evidence establishes the existence of an enforceable contract as a matter of law. Sadeghi insists the agreement announced in open court constitutes an enforceable contract because it addresses all essential terms. Gang argues the agreement is not enforceable because it was not memorialized in a formal writing.

■ Whether the parties intended to enter an agreement is generally a question of fact. *See Vermont Inform. Processing, Inc. v. Montana Beverage Corp.*, 227 S.W.3d 846, 852 (Tex.App.-El Paso 2007, no pet.). Whether a particular agreement constitutes an enforceable contract is generally a question of law. *Id.* A contract, whether written or oral, must define its essential terms with sufficient detail to allow a court to determine the obligations of the parties. *See T.O. Stanley Boot Co.*

*v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992); *Searcy v. DDA, Inc.*, 201 S.W.3d 319, 322 (Tex.App.-Dallas 2006, no pet.). To be legally binding, the parties must have a meeting of the minds and must communicate consent to the terms of the agreement. *See Meru v. Huerta*, 136 S.W.3d 383, 390 (Tex.App.-Corpus Christi 2004, no pet.). The determination of a meeting of the minds is based on an objective standard of what the parties said and did rather than on their subjective state of mind. *See Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 556 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

■ If a contract is not clear and certain as to all essential terms, it will fail for indefiniteness. *Lamajak, Inc. v. Frazin*, 230 S.W.3d 786, 793 (Tex.App.-Dallas 2007, no pet.). When an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding on the parties and merely constitutes an agreement to agree. *Fort Worth Indep. School Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex.2000); *see also, Mooney v. Ingram*, 547 S.W.2d 314, 317 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.).

After reviewing the record on appeal, we conclude Gang presented no evidence of any material terms that were not sufficiently clear or that were left open for future negotiation. To the contrary, the summary judgment evidence adduced by both parties establishes mutual agreement to the material terms of a contract. The agreement announced on the record to the court was presented as a complete agreement and final resolution of the litigation. There was no indication of any negotiation to occur in the future. There was no mention of any terms, material or otherwise, upon which agreement had yet to be reached. Although the parties contemplated a formal writing, this was not char-

acterized as a condition requisite to the formation of the contract. The material terms of the agreement were carefully detailed and included the amount of stock to be sold, the percentage interest in each company represented by the number of shares to be sold, the time frame applicable to each purchase price option, and the fact that there was an absolute obligation to purchase the stock at the end of the 180 day period. These terms were articulated with sufficient certainty that there is no doubt as to what the parties intended. The parties communicated their consent to the terms on the record in open court. In addition, the affidavit Gang submitted in support of his motion stated, "I agreed to purchase certain stock from ... Sadeghi under the terms set forth in the transcript of the April 10, 2006 settlement agreement." Therefore, the summary judgment evidence establishes a meeting of the minds and consent to the material terms of the agreement.

Offering neither argument nor authority, Gang also appears to assert the agreement is not a valid agreement under Rule 11 because he was not a party to the litigation that was settled. The issue, however, is not whether the agreement was valid under Rule 11, but whether there was an enforceable contract at all. Because the parties manifested an intent to be bound when the material terms of the agreement were announced to the court, we conclude there was an enforceable contract. We reverse the trial court's judgment that there was no enforceable contract and remand the case for further proceedings consistent with this opinion.